Mr. Justice Morris
delivered the opinion of the Court:
This is an appeal from a decision of the Commissioner of Patents refusing a patent to the appellant, Fred M. Locke, *315 for an alleged invention consisting of “ an insulator formed of two or more shells of suitable insulating material, and which are secured together by inserting one into the other, and their fusing them so as to form practically but a single piece.”
The insulating material used is porcelain, in which, of course, there is no novelty and none is claimed. An English patent issued to one Varley in 1861, shows an insulating device composed of two shells or cups of porcelain, secured together by fixing one into the other, and then connecting them together by cement. The novelty here claimed is in fusing the two cups or shells, instead of cementing them. But there is no novelty in connecting two porcelain cups by fusing. It is an ordinary process to do so. It has been testified in an interference proceeding connected with the present application and growing out of it that the usual and ordinary process of connecting two pieces of porcelain is “.either with glaze or with slip.” Slip is potter’s clay in a very liquid state, and glaze is nothing but glass. Connecting with glaze is fusing. We fail, therefore, to find any patentable novelty in connecting two pieces of porcelain by fusing them, instead of joining them with cement.
The appellant in his brief goes outside of the record before us, and seeks to show that the Commissioner had no authority to refuse him a patent, since the primary examiner had already held his alleged invention to be patentable, and had therefore placed him in interference with another person who claimed the same thing, but who strenuously contended in the interference proceedings that the claim was not patentable at all. When these -interference proceedings came before the Commissioner, the Commissioner refused to pass upon the question of priority, dissolved the interference and sent the case back to the primary examiner, with the suggestion to him to disallow the claims of both parties, on the ground that there was no patentable invention *316 involved. The primary examiner accordingly disallowed the appellant’s application for a patent; the board of examiners sustained the decision; and the Commissioner of Patents affirmed the decision of the board. And it is from this decision of the Commissioner that the present appeal has been prosecuted.
Plainly it is not competent for this court to go behind the record in this case, and review what has been done in another and distinctly independent proceeding. We have before us only the application for a patent and the proceedings of the several tribunals of the Patent Office thereon; and only those proceedings are for review here. We have no right to review or supervise the administrative-action of the Commissioner. If, as the appellant claims, the Commissioner had no authority to reverse the original decision of the primary examiner before the declaration of interference, a position which upon the showing thus far made we can not regard as tenable, the remedy must be found otherwise than in this appeal.
The decision of the Commissioner of Patents denying a patent to the appellant is affirmed.
The clerk will certify this opinion and the proceedings in the cause to the Commissioner according-to law.